UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:20-CV-00088-MOC-WCM

| | |
|---|---|
| **JESSE NOAL SHOWS,** ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER** |
| **SWAIN COUNTY SHERIFF CURTIS,** ) | |
| **COCHRAN, in his official capacity,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's pro se Motion for Issuance of a Temporary Restraining Order prohibiting the Swain County Sheriff from further enforcing the "Fourth Supplemental Declaration of a Local State of Emergency for Swain County North Carolina – Restricting Movement of All Individuals in Swain County and Establishing a Curfew." See Doc. No. 3. As discussed below, Plaintiff's motion is denied.

On April 7, 2020, the Board of Commissioners of Swain County issued a declaration, recognizing that COVID-19 "has created a state of emergency in the County of Swain." Doc. No. 3-2 at 2. Hoping to "slow viral transmission as much as possible to protect the most vulnerable and to prevent our local health care system from being overwhelmed," the declaration instituted a curfew that prohibits individuals from being "in a public place . . . or establishment . . . between the hours of 10:00 p.m. to 6:00 a.m." except for a few essential exceptions. Id. at 3. Those who violate the curfew are guilty of a Class 2 misdemeanor, id. at 3, which is punishable by a maximum penalty of sixty days' imprisonment and a $1,000 fine. See N.C. Gen. Stat. § 15A-1340.23.

In his motion, Plaintiff asserts that the Sherriff has aggressively enforced the declaration. See Doc. No. 3-1 at 2. In fact, Plaintiff alleges he was stopped by the Sheriff's Deputy while he

was returning from the neighboring county in his personal motor vehicle. See id. at 3. According to Plaintiff, he was stopped solely for violating the curfew. See id. And, ultimately, he received a citation for the violation. See id. Plaintiff maintains that the declaration and his citation violate rights and liberties guaranteed by the Privileges and Immunities Clause, as well as the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. See id. at 5. Thus, he requests a temporary restraining order prohibiting the Sheriff from enforcing the declaration.

Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 22 (2008); see, e.g., Natera, Inc. v. Bio-Reference Labs., Inc., No. 16-CV-9514, 2016 WL 7192106, at *2 (S.D.N.Y. Dec. 10, 2016) (applying preliminary injunction standards when deciding whether to issue a temporary restraining order). A party seeking a temporary restraining order "must establish that he is likely to succeed on the merits, that he likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that the injunction is in the public interest." Winter, 555 U.S. at 20.

In this case, the pro se Plaintiff has failed to make a clear showing that he is entitled to such relief. As the Supreme Court has explained, "liberty itself, the greatest of all rights, is not [an] unrestricted license to act according to one's will." Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11, 26–27 (1905). Indeed, "liberty for all could not exist under the operation of a principle which recognizes the right of each individual person to use his own, whether in respect of his person or his property, regardless of the injury that may be done to others." Id. Therefore, "[t]he possession and enjoyment of all rights are subject to such reasonable conditions as may be deemed by the governing authority of the country essential to the safety, health, peace, good order,

and morals of the community." Id. at 26. Plaintiff has failed to establish that the declaration is unreasonable and unnecessary to protect the public health, so his motion is denied at this time.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's pro se Motion for Issuance of a Temporary Restraining Order, Doc. No. 3, is **DENIED**.

Signed: April 23, 2020

Max O. Cogburn Jr.
United States District Judge